L. JOSEPHINE GODDARD, APPELLANT, *v.* GEORGE B. ABBOTT, AS PUBLIC ADMINISTRATOR IN KINGS COUNTY, RESPONDENT.

*Letters of administration — conflicting rights of the public administrator of Kings county and the Brooklyn Trust Company — which is entitled to priority.*

Chapter 154 of 1877, amends section 4 of chapter 335 of 1871, creating the office of public administrator of Kings county by conferring upon him "absolute and sole authority" to administer upon the personal estate of intestates whenever "there shall be no widow, husband or next of kin entitled to a distributive share in the estate of said intestate, resident in the State, entitled, competent or willing to take out letters."   Chapter 124 of 1882 amends this act by substituting the words "prior right and authority" for "absolute and sole authority."

Section 1 of chapter 383 of 1877 amends chapter 571 of 1866, creating the Brooklyn Trust Company, by providing that when "it shall appear that there are no next of kin of the deceased entitled to a distributive share in the estate qualified, competent or willing, or otherwise unable to accept such administration, said court or surrogate may, at the request of any party interested in the estate, whether as creditor or beneficiary, grant letters of administration on said estate to said company."

February 19, 1883, one Goddard, a resident of Brooklyn, died intestate, leaving

him surviving two daughters, who were of full age, and three children of a deceased daughter. One of the daughters resided in Illinois; the other daughter and the three grandchildren, two of whom were minors and one of full age, resided in Brooklyn. The two daughters and the grandchild, who was of age, applied to have the Trust Company appointed administrator. The public administrator objecting to this; the surrogate denied the application and appointed him administrator.

*Held,* that he erred in so doing. (PRATT, J., dissenting.)

APPEAL from two orders made by the Surrogate's Court of Kings county, one dated March 7, 1883, denying the application for the appointment of the Brooklyn Trust Company as administrator of the estate of Charles W. Goddard, the other dated March 9, 1883, awarding letters of administration of said' estate to George B. Abbott, public administrator.

The Brooklyn Trust Company was organized as a corporation by the Laws of 1866 (chap. 571). By section 2 of said act certain general and special powers were conferred on the said corporation, not including the power to administer upon estates of intestates.

By the Laws of 1877 (chap. 383), passed June 2, 1877, the said section 2 of the act of 1866 was amended by providing, among other things, that when "it shall appear that there are no next of kin of the deceased entitled to a distributive share in the estate qualified, competent or willing, or otherwise unable to accept such administration, said court or surrogate may, at the request of any party interested in the estate, whether as creditor or beneficiary, grant letters of administration on said estate to said company."

Section 4 of chapter 335 of 1871, creating the office of public administrator in Kings county, was amended by chapter 154, Laws 1877, so as to read: "Section 4. Such public administrator shall have absolute and sole authority to collect, take charge of and administer upon * * * the personal estate * * * of persons dying intestate. * * * 1. Whenever such person shall die leaving any assets or effects in the county of Kings, and there shall be no widow, husband or next of kin entitled to a distributive share in the estate of said intestate, resident in the State, entitled, competent or willing to take out letters of administration on such estate."

Said section 4 of said act was again amended by the law of 1882

(chap. 124), passed May fourth, which provides: "Section 4. Such public administrator shall have the prior right and authority to collect, take charge of and administer," etc.

*James G. Bergen*, for the appellant.

*Charles H. Otis*, for the respondent.

BARNARD, P. J.:

It cannot be supposed that the legislature passed two important acts at the same session without intending that both should have effect. The Brooklyn Trust Company was chartered in 1866. (Chap. 571.) By the original charter this company could not be an administrator of deceased intestates. In 1871 (chap. 335) the legislature created a Public Administrator for Kings county. It was provided that this public administrator could act only when there was no widow, husband or relative, a resident of the State, entitled to take.

In 1877 the Trust Company charter and the public administrator acts were both amended. By chapter 154 of Laws of 1877, it was provided, by amendment to section 4 of the original act, that the public administrator should have absolute and sole authority to administer when there was no widow, husband or next of kin entitled to a distributive share in the estate, entitled, competent or willing to take out letters. By chapter 383 of 1877, the Trust Company, in cases where there was no person entitled to a distributive share in the estate competent, qualified or willing to administer, it was provided that the surrogate may appoint, at the request of a party interested in the estate, the Trust Company such administrator. By chapter 124 of the Laws of 1882, the public administrator act was again amended so as to give the public administrator the "prior right and authority" to administer when there was no widow, husband or next of kin entitled, competent or willing to take administration. These laws thus stood when the present case arose. Charles W. Goddard died in Brooklyn, being a resident. He left two daughters, both of full age, one residing in the State of Illinois, the other in the city of Brooklyn, New York, and three grandchildren, all residing in Brooklyn, one of whom was of full age and the other two were minors. The two daughters and the grandchild who was of full age petitioned the surrogate to appoint the Trust Company administrator

if there was no person having a prior right. The public adminis-trator opposed the issuing of letters to the Trust Company, and asked that they be issued to himself. The surrogate denied the petition of the next of kin and granted that of the public adminis-trator. The next of kin appealed from both orders. The legislation is apparently contradictory. The surrogate holds that the right to grant letters to the Trust Company is permissive only. Upon this view he decides that the public administrator is the best adminis-trator. Can this be the true intent of the Trust Company charter? The company is by law decided to be a good executor and adminis-trator, and the court is empowered to appoint the same administrator or not according to its discretion and this in the face of a good enactment, that the public administrator has the prior right to such administration. Can the public administrator be absolutely entitled, and at the same time the court be permitted to grant away the letters evidencing that right to another?

By the Revised Statutes, any person entitled to administration could consent that another competent person, not entitled, be joined with him. The power given to surrogates was given in the same words, "may appoint." (2 R. S., 76, § 34.) Under this power, for many years, letters have been granted to a per-son entitled and persons not entitled to administer estates. Such right has never been denied. Is not the Trust Company's charter intended to cover a class of cases where there are persons entitled or interested in the estate to choose the Trust Company as the administrator? If the Trust Company was a natural person these sisters could join it with them under the law as it stood, without regard to the charter of the Trust Company. The language of the statute is, persons and this charter makes a sound, safe, well managed Trust Company a competent administrator, if the inter-ested parties elect to have it so. In such cases there is a person competent and willing to take, and the public administrator has no jurisdiction in the matter. This construction of the act accords with the spirit of the law in relation to the administration upon estates.

The order in which parties are entitled is carefully stated in the statute, beginning with the closest relatives and next of kin. Those are to have the rights who are most interested. Person entitled may include one or more to act with them, who are strangers. It

is not inharmonious in Brooklyn to permit heirs to have the Trust Company act alone.    This will permit those who are most interested to do their business in their own way and through their chosen agent.    If this is the correct conclusion it is immaterial whether "may" means "must" or not.    If the case is not one of right to the public administrator to take letters, the surrogate should have granted the petition of the heirs even if he had power to refuse.

The order should therefore be reversed and the proceedings be remitted to the surrogate to grant letters to the Trust Company in accordance with the prayer of the petitioner.

DYKMAN, J., concurred ; PRATT, J., dissenting.

Order refusing letters to The Brooklyn Trust Company and order granting same to public administrator reversed, and proceed-· ings remitted to surrogate.